(C.D. 2962)

QUAKER PACIFIC RUBBER CO.
JAMES LOUDON & CO. ET AL. } *v.* UNITED STATES

United States Customs Court, Second Division

(Decided April 13, 1967)

*Glad & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Barefoot Sanders*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The merchandise involved in the consolidated protests, invoiced as rubber covered conveyor belting, was assessed for duty at 25 cents per pound, plus 30 per centum ad valorem, under paragraph 1312 of the Tariff Act of 1930, as modified by T.D. 54108, as manufactures in chief value of synthetic textile.

Plaintiffs assert the subject belting is in chief value of natural rubber and, therefore, properly dutiable at 12½ per centum ad

valorem under paragraph 1537 of the Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877.

At the conclusion of the trial of the consolidated protests on February 24 and 25, 1965, in San Francisco, Calif., counsel for plaintiffs requested the case be continued in order to permit plaintiffs to make application for issuance of letters rogatory to Japan for the purpose of determining the costs of the component materials used in the manufacture of the belting. The court granted the request for a continuance and directed that the case be considered as submitted if application for letters rogatory was not made within 60 days. No such application having been made, and no timely motion for extension of the 60 day period having been requested, this court, by order dated September 3, 1965, allowed plaintiffs 60 days from the date of notice of transcription of the record in which to file a brief. Plaintiffs' motion, filed August 23, 1965, for an extension of time to file a motion for letters rogatory was denied by the court. Subsequently, plaintiffs filed a motion to set aside the submission of the consolidated protests and for the issuance of letters rogatory. This motion also was denied by an order, dated May 20, 1966, and defendant's brief was ordered to be filed within 10 days.

In connection with the motion filed on May 4, 1966, plaintiffs submitted an affidavit of George R. Tuttle, its attorney, wherein the deponent abandoned protest 64/9712(B) and 64/9712(A). Accordingly, these two protests are deemed abandoned and ordered dismissed.

With respect to the two remaining protests, the issue presented is whether plaintiffs have sustained their burden of proving that the component material of chief value of the imported belting is india rubber or gutta-percha. In cases involving classification under a provision for component material in chief value, it is presumed the collector has determined the component material in chief value, and, in order to overcome this presumption, plaintiffs have the twofold burden of establishing the incorrectness of the classification and the correctness of their claim. *Kaplan Products & Textiles, Inc.* v. *United States*, 49 Cust. Ct. 145, C.D. 2376.

It is well-settled that the proper method of determining component material of chief value is to ascertain the costs of the separate component materials to the manufacturer at the time they are ready to be combined into the completed article. *United States* v. *Rice-Stix Dry Goods Co.*, 19 CCPA 232, T.D. 45337; *United States* v. *H. A. Caesar & Co.*, 32 CCPA 142, C.A.D. 299.

In support of their claim, plaintiffs called five witnesses; two customs examiners, the Chief Chemist of the United States Customs Laboratory in San Francisco, and two officers of one of the plaintiffs, Quaker Pacific Rubber Co., the importer of record.

Plaintiffs' counsel stated on the record that one of the witnesses, Mr. John Max Moore, president of Moore Manufacturing, Inc., of which Quaker Pacific Rubber Co. is a division, could not testify as to the proportions of the various materials which were used in the manufacture of the merchandise. Mr. Roger Vetter, who also held a position with Quaker Pacific Rubber Co., when asked if he had any personal knowledge of certain facts contained in an unverified statement concerning the component breakdown of the subject belting, said the figures were not his, he could not prove they were truthful, and he was merely quoting what someone else had said.

It is clear from these admissions and from our examination of the record that plaintiffs' witnesses were not competent to testify as to the issue of component material of chief value. Furthermore, the record presented to us is devoid of any evidence sufficient to enable us to make a determination concerning the costs of the separate component materials.

Accordingly, we hold that plaintiffs have failed to establish both the correctness of their claim and the incorrectness of the collector's classification.

Judgment will be entered accordingly.